IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:17 CR 008 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| ADAM CARSON, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Defendant, Adam Carson's second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF #230). In response, the Government filed a Motion to Transfer to Sixth Circuit Pursuant to In Re Sims and 28 U.S.C. §1631. (ECF #257). Mr. Carson's first Motion under 28 U.S.C. §2255 was denied. (ECF #167, 183, 184). He appealed the denial and the Sixth Circuit granted a certificate of appealability on several issues, although it subsequently affirmed the denial. (ECF #197, 218, 221)

Several months before the Court of Appeals affirmed this Court's denial of Mr. Carson's first §2255 motion, the Court had issued an Amended Judgement clarifying that the restitution order against Mr. Carson should have specified his liability was joint and several with his co-defendant, Ms. Deeb. (ECF #214). No other changes were made to Mr. Carson's sentence.

In his second motion under §2255, Mr. Carson purports to raise issues of ineffective assistance of appeallate counsel. His arguments center on a appeal he filed challenging an order relating to restitution, which came after his direct appeal was complete. He argues that this new motion should not be considered "second or successive" under §2255 because an Amended Judgment was issued after his first motion was filed. He cites *Magwood v. Patterson* in support of his argument that "[w]hen there is a new judgment intervening between two habeas petitions, an application challenging the resulting new judgment is not second or successive at all." 561 U.S. 320 (2010).

*Magwood v. Patterson*, and the others cited by Mr. Carson only apply when an intervening new judgment is the result of a vacatur and full re-sentencing procedures. *See In Re Stansell*, 828 F.3rd 412,416 (6th Cir. 2016). When a sentencing amendment affects only the monetary penalties and not the term of incarceration, it does not re-open the door to a second or successive habeas motion. *Id.* at 419. The same is true for amendments that correct technical or clerical errors. *Askew v. Bradshaw*, 636, Fed App'x 342, 348 (6th Cir. 2016). The amendment to Mr. Carson's judgment was not the result of a full re-sentencing, and did not alter his term of incarceration. Rather, the amendment corrected a technical error in which the Court failed to previously indicate that Mr. Carson's restitution was imposed on a joint and several basis. Therefore, the restrictions on second and successive petitions do apply to Mr. Carson's motion.

28 U.S.C. §2255(h) provides that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

2

>convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Because Mr. Carson failed to receive authorization from the Sixth Circuit to file this successive § 2255 motion, the motion may not be reviewed by the Court at this juncture. Therefore, the Clerk of Court is directed to transfer Mr. Carson's instant motion to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS SO ORDERED.

Date: February 12, 2025

Donald C. Nugent
United States District Judge