IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM CARSON, | ) | Case No. 1:17–CR–00008 |
| Petitioner, | ) ) ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | MEMORANDUM OPINION AND ORDER |
| Respondent. | ) | |

This matter is before the Court upon Petitioner Adam Carson's *Motion to Vacate Under 28 U.S.C. § 2255* filed on April 19, 2025. (ECF #230). Respondent, United States of America, filed its opposition to the motion on July 23, 2025, (ECF #264). On August 19, 2025, Petitioner replied to the Government's opposition (ECF #267), filed a *Motion for Evidentiary Hearing* (ECF #265), and moved to expand the record, (ECF #266). The Government opposed the motion for an evidentiary hearing on August 22, 2025, (ECF #268), and Petitioner responded on September 9, 2025, (ECF #269). Petitioner's *Motion to Vacate Under 28 U.S.C. § 2255* is now ready for review.

## Factual and Procedural History

In 2018, a jury found Adam Carson guilty of bank robbery, in violation of 18 U.S.C. § 2113(a), and witness tampering, in violation of 18 U.S.C. § 1512(b)(1). He was designated as a career offender under U.S.S.G. § 4B1.1 and sentenced to 240 months in prison, followed by three years of supervised release. His conviction and sentence were upheld on appeal. *United States v. Carson*, 796 F. App'x 238 (6th Cir. 2019).

Mr. Carson moved for relief under § 2255 for the first time in October 2021. (ECF #167). The District Court denied his motion and declined to issue a certificate of appealability. (ECF #183). He then filed a *Motion to Alter or Amend Judgment* pursuant to Federal Rule of Civil Procedure 59(e), (ECF #185), which the District Court denied. (ECF #186). He appealed both decisions. In January 2023, the United States Court of Appeals for the Sixth Circuit consolidated both appeals, granted a broad certificate of appealability, and appointed him appellate counsel. (ECF #197).

In the meantime, the District Court amended its judgment, making his co-defendant jointly and severally liable for the restitution amount in April 2023. (ECF #214). He appealed that decision, and, at the advice of counsel, voluntarily dismissed that appeal in May 2023. (ECF #215), (ECF #217).

In December 2023, the Court of Appeals affirmed the District Court's decision denying his first § 2255 and his motion to amend the judgment under Rule 59(e). (ECF #218). In early January, Mr. Carson moved to reopen the appeal he previously dismissed. In April, he filed a second-in-time § 2255 (ECF #230), which was held in abeyance pending the decision of whether he could reopen the dismissed appeal, (ECF #233).

The Court of Appeals ultimately denied Mr. Carson's request to reopen the appeal, which lifted the abeyance and allowed the District Court to review his second-in-time § 2255. Ground One of his § 2255 motion alleges that Assistant Federal Public Defender Jeffrey Lazarus rendered ineffective assistance by improperly handling the appeal of his first § 2255 motion, advising him to withdraw his appeal of the amended judgment, and for failing to recover money he was allegedly owed. (ECF #230, p.5 [PageID #2237]). In Ground Two, Mr. Carson claims that he was incorrectly designated as a career offender at sentencing. (*Id.* at p.5 [PageID #2238]).

The District Court deemed his entire second-in-time § 2255 filing to be successive and transferred the matter to the Court of Appeals. The Court of Appeals determined that only Ground Two of his § 2255 motion pertaining to his career offender designation was successive and required authorization to file, which it declined to grant. (ECF #260, p.4 [PageID #2469]). His Ground One ineffective-assistance-of-counsel claim, on the other hand, relied on facts that arose *after* his initial § 2255 motion was fully adjudicated. Therefore, Ground One was not successive and could proceed without authorization. The Court will now consider the merits behind Ground One of his § 2255 motion.

### Legal Analysis

A petitioner who moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or, (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255.

In order to obtain relief under § 2255, petitioners must prove by a preponderance of the evidence that their constitutional rights were denied or infringed. *United States v. Brown*, 957 F.2d 679, 690 (6th Cir. 2020). A court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255.

Mr. Carson's claims regarding the ineffectiveness of Attorney Lazarus fall into three groups: (1) the appeal of his § 2255, (2) the failure to appeal subsequent changes to his sentence, and, (3) the failure to address the restitution amount. In all cases, he lacks a right to counsel, but for different reasons.

**I. Appeal of § 2255.**

Regarding how Attorney Lazarus handled the appeal of his § 2255, Mr. Carson argues he should have included every argument for which he was granted a certificate of appealability, such as the denial of his Rule 59(e) motion. (ECF #230-1, p.14 [PageID #2259]). Further, he claims that although Attorney Lazarus raised a particular issue, he used incorrect language in doing so. Specifically, he requested Mr. Lazarus to change the title of an argument from "Defense counsel provided ineffective assistance by failing to seek a plea offer" to "Defense Counsel provided ineffective assistance by failing to arrange for [Mr.] Carson to plead guilty." (ECF #267, p.7 [PageID #2507]). Attorney Lazarus did not comply with his request and, if he had, according to Mr. Carson, he allegedly "would have been granted relief." (*Id.*).

Petitioner cannot bring a claim of ineffective assistance of counsel based on how Attorney Lazarus handled his § 2255 appeal because he lacks a constitutional basis to do so.

"There can be a constitutional claim of ineffective assistance of counsel *only* at a stage of the proceedings where there is a right to counsel under the Sixth Amendment." *Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426, 433 (6th Cir. 2006) (emphasis added); *see also Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) ("It is well-established that a § 2255 motion is not a substitute for a direct appeal."). The Supreme Court has made clear that a prisoner's post-conviction "right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Without a "constitutional right to counsel, there can be no deprivation of effective assistance[.]" *Nichols v. United States*, 563 F.3d 240, 248 (6th Cir. 2009) (citations omitted).

**II. Withdrawal of Direct Appeal**

Mr. Carson also lacked a right to counsel when Attorney Lazarus advised him to withdraw his direct appeal of the amended judgment. (ECF #230, p.5 [PageID #2237]). "[T]he right to counsel only attaches at 'critical stages' of criminal proceedings . . . [a]nd the imposition of a corrected sentence is not one." *United States v. Augustin*, 16 F.4th 227, 233 (6th Cir. 2021). Rather, it is a "mechanical act that does not 'present a reasonable probability that [the defendant's] case could suffer significant consequences from his total denial of counsel at the stage.'" *Id.* (quoting *Van v. Jones*, 475 F.3d 292, 313 (6th Cir. 2007) (alterations retained)). Here, the District Court issued an amended judgment because the original judgment inadvertently failed to specify that his restitution obligation was joint and several with his co-defendant. By amending the judgment, the District Court did "not disturb the underlying initial judgment," nor did it amount to a "new, worse-than-before sentence." *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016). In fact, the amended judgment benefited Mr. Carson by making his co-defendant jointly and severally liable for the restitution amount.

### III. Restitution

Mr. Carson also argues that his attorney abandoned him during his restitution proceedings in violation of his Sixth Amendment right to counsel. (ECF #267, p.10 [PageID #2510]). Here, his claims of ineffective assistance of counsel fail because he lacked a right to counsel at this stage and, therefore, cannot establish the threshold requirement for § 2255 relief by proving that his constitutional rights were denied or infringed.

With respect to the funds he was allegedly owed, Mr. Carson's final restitution amount was calculated as part of an agreed settlement following a dispute over the amount of money that had been seized from his prison account to satisfy the outstanding debt. Throughout the resolution of the dispute, he was represented by the Federal Public Defender's Office. Both parties agreed on an Amended Judgment allowing his restitution to be offset by payments made by his co-defendant, and the parties agreed that the restitution amount had been paid in full. (ECF #216). Mr. Carson's payment of restitution has been fully adjudicated, and his belief that he is owed funds is mistaken. (ECF #250).

### IV. Evidentiary Hearing and Record Expansion

Because his § 2255 claim fails, it is not necessary to hold an evidentiary hearing or expand the record. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief.); *and* Rule 7 Governing § 2255 (providing that "[*i*]*f the petition is not dismissed*, the judge may direct the parties to expand the record[.]" (emphasis added)). Because Mr. Carson does not raise a cognizable constitutional violation, there is no basis upon which the Court could expand the record.

**Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice of judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make a "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that

an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

### Conclusion

For the reasons set forth above, Petitioner's *Motion to Vacate Under 28 U.S.C. § 2255* (ECF #230), *Motion for Evidentiary Hearing* (ECF #265), and *Motion to Expand the Record* (ECF #266) are DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: October 23, 2025